UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LUMAS GUIDRY, SR. | CIVIL ACTION NO. 6:19-cv-01353 |
| VERSUS | JUDGE SUMMERHAYS |
| WAVELAND SERVICES, INC., ET AL. | MAGISTRATE JUDGE HANNA |

## **MEMORANDUM RULING**

Currently pending before the court is the plaintiff's motion to amend his complaint (Rec. Doc. 12) in order to assert federal-question jurisdiction. The motion is opposed. (Rec. Doc. 14). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is DENIED.

In his original complaint, the plaintiff, who is proceeding without the assistance of legal counsel, alleged that the court has subject-matter jurisdiction over this lawsuit under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds the statutory minimum. A motion to dismiss for lack of jurisdiction was filed (Rec. Doc. 3), but it has not yet been ruled on. The plaintiff then filed the instant motion, seeking to change the basis of subject-matter jurisdiction from diversity to federal question.

A *pro se* litigant's pleadings are construed liberally[1] and held to "less stringent standards than formal pleadings drafted by lawyers."[2] However, a *pro se* plaintiff "must prove, by a preponderance of the evidence, that the court has jurisdiction based on the complaint and evidence."[3]

"Federal courts are courts of limited jurisdiction. Absent jurisdiction conferred by statute, district courts lack power to consider claims."[4] Federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[2] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[3] A suit is presumed to lie beyond the scope of federal-court jurisdiction until the party invoking federal-court jurisdiction establishes otherwise.[5] The party invoking the court's subject-matter

---

[1] *Nerren v. Livingston Police Dept.*, 86 F.3d 469, 472 (5th Cir. 1996).

[2] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)).

[3] *Dos Santos v. Belmere Ltd. Partnership*, 516 Fed. App'x 401, 402-03 (5th Cir. 2013).

[4] *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). See, also, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[2] 28 U.S.C. § 1331.

[3] 28 U.S.C. § 1332.

[5] *Kokkonen v. Guardian Life*, 511 U.S. at 377; *Howery v. Allstate*, 243 F.3d at 916.

jurisdiction has the burden of establishing the court's jurisdiction.[6] This lawsuit was originally filed in this forum; therefore, the plaintiff must bear that burden.

Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[7] Whether a claim arises under federal law so as to confer federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[9] In this case, the proposed amended complaint does not cite a federal statute or explain how the lawsuit is grounded on federal law. The plaintiff did not ask the court to interpret a federal statute, to declare any party's rights or obligations under any federal statute, or to remedy a violation of any federal statute. Similarly, there are no facts set forth in the proposed amended complaint or in the original complaint that would support a finding that the plaintiff's claims arise under federal law.

---

[6] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Gaitor v. Peninsular & Occidental S. S. Co.*, 287 F.2d 252, 253 (5th Cir. 1961).

[7] 28 U.S.C. § 1331.

[9] *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). See, also, *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 188 (5th Cir. 2001); *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998).

Accordingly, this Court finds that the plaintiff has not satisfied his burden of proving the existence of federal-question jurisdiction. For that reason,

IT IS ORDERED that the plaintiff's motion to amend his complaint (Rec. Doc. 12) is DENIED.

Signed at Lafayette, Louisiana, on January 22, 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE