UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

**LUMAS GUIDRY, SR.**

**VERSUS**  CIVIL ACTION NO.: 6:19-cv-1353

**WAVELAND SERVICES, INC.,**
**LeBAS LAW OFFICES, APLC and**
**SEABRIGHT INSURANCE COMPANY**

**MEMORANDUM RULING**

The present matter before the Court is a Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure filed by defendants Waveland Services, Inc., LeBas Law Offices, APLC, and SeaBright Insurance Co. (collectively, "Defendants"). Defendants contend that the Court lacks subject matter jurisdiction. Alternatively, they contend that the complaint fails to state a claim upon which relief can be granted. As explained below, the Court **GRANTS** Defendants' Rule 12(b)(1) Motion to Dismiss on the grounds that the Court lacks subject matter jurisdiction over this action. The Court **DENIES** Defendants' Rule 12(b)(6) Motion to Dismiss as moot.

**I.**
**BACKGROUND**

Plaintiff Lumas Guidry, Sr. filed this personal injury action pro se. Guidry's complaint provides few facts about his claims, merely alleging that he was "assaulted on the job" and, as a result, "became disabled." [Doc. 1-1] Guidry further alleges that Waveland failed "to compensate my injury, and medical [sic] which I'm receiving that is not completely covered under my current medical plan." [Doc. 1-2] Guidry alleges that SeaBright failed "to pay for my medical treatment, personal injury, and indemnity insurance." [*Id.*] Finally, with respect to LeBas Law Offices,

1

Guidry alleges that LeBas failed "to present all evidence on my behalf in the case, prolonging my case when Judge Avery stated in court to them that they should have settled my case before coming into in his court, and also not presenting all the evidence." [*Id.*] The complaint provides no additional factual detail as to the circumstances of Guidry's injury or the nature of his claims.

Plaintiff expressly grounds subject matter jurisdiction on diversity jurisdiction under 28 U.S.C. §1332(a)(2). Guidry is an individual who resides in Lafayette, Louisiana. Both Waveland and LeBas Law Offices are Louisiana corporations. [Doc. 3 at Exhibit A] Waveland's principal place of business is located in Eunice, Louisiana. [*Id.*] The principal place of business of the LeBas Law Offices is in Lafayette, Louisiana. [*Id.*] The complaint alleges that SeaBright is based in Seattle, Washington. [Doc. 1-1] Defendants challenge subject matter jurisdiction on the ground that there is not complete diversity of citizenship between Guidry and Defendants. After defendants filed their Motion to Dismiss, Guidry filed a motion seeking leave to amend his complaint to change the jurisdictional basis of this action from diversity to federal question jurisdiction. [Doc. 12] Plaintiff's motion was denied on the grounds that there are no facts set forth in the proposed amended complaint or in the original complaint that would support a finding that Guidry's claims arise under federal law.[1] [Doc. 15]

## II.
### DISCUSSION

Federal courts are courts of limited jurisdiction and possess only the jurisdiction granted by Article III of the Constitution and conferred by statute. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). District courts have original jurisdiction over civil actions "between …

---

[1] Guidry's motion to amend merely states: "I Lumas Guidry would like to file and amendment to this case From a Diversity case and make it a Federal Question case." [Doc. 15] The motion includes no additional facts or authorities demonstrating a basis for federal question jurisdiction.

citizens of different States" where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a)(2). Diversity jurisdiction under section 1332 requires complete diversity, meaning "all persons on one side of the controversy [must] be citizens of different states then all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). A corporation is a citizen of its state of incorporation and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). With respect to a natural person, "citizenship has the same meaning as domicile," and "the place of residence is prima facie the domicile." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)).

Defendants contend that complete diversity does not exist between Guidry and all of the "properly joined defendants." Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of a federal court to hear a case. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir.2001). A lack of subject matter jurisdiction may be found in "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* The party asserting federal court subject matter jurisdiction bears the burden of proof that jurisdiction exists. *Id.*

Here, Guidry has not established that the parties are completely diverse. Both Waveland and LeBas Law Offices are corporations, and thus are citizens of their state of incorporation and the state of their principal place of business.[2] Both are Louisiana corporations with their principal places of business in Louisiana. [Doc. 3 at Exhibit A] Plaintiff resides in Lafayette, Louisiana, and

---

[2] LeBas Law Offices is designated as a professional law corporation (an "APLC"). An APLC is treated as a traditional corporation for purposes of diversity jurisdiction. *See Rhino Shield Gulf S., LLC v. RSUI Grp., Inc.*, No. CV 18-11247, 2019 WL 142296, at *2 (E.D. La. Jan. 9, 2019).

3

thus is a citizen of Louisiana for purposes of diversity jurisdiction. *Stine*, 213 F.2d at 448 (an individual's "place of residence is prima facie the domicile" for purposes of diversity jurisdiction). Based on these undisputed jurisdictional facts, the parties are not completely diverse because there are Louisiana citizens on both sides of the controversy. *McLaughlin*, 376 F.3d at 353.[3]

In his opposition to the motion to dismiss, Guidry again argues that he should be allowed to convert the jurisdictional basis for the case from diversity jurisdiction to federal question jurisdiction under 28 U.S.C. § 1331. Section 1331 confers jurisdiction to hear cases "arising under" the Constitution and federal statutes. However, neither Guidry's complaint nor his opposition identify any Constitutional or statutory basis for his claims, and thus do not support federal question jurisdiction under section 1331.

### III.
#### CONCLUSION

The Court, therefore, **GRANTS** Defendants' Motion to Dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that the Court lacks subject matter jurisdiction over Guidry's claims. Because there is no subject matter jurisdiction over this case, the Court will not address Defendants' merits argument under Rule 12(b)(6) that the complaint fails to state a

---

[3] The Louisiana Secretary of State records filed by Defendants identifies Waveland's principal place of business as located in Eunice, Louisiana, but also lists a "mailing" address and the address of several "directors" as Kennesaw, Georgia. [Doc. 3 at Exhibit A] These same documents, however, identify Waveland's "principal office" and its President with a Louisiana address. [*Id.*] The Georgia address appears to be the address of Waveland's corporate parent, which is not a party to this action. Its citizenship, therefore, does not factor into the question of whether the parties are diverse. "A subsidiary corporation which is incorporated as a separate entity from its parent corporation is considered to have its own principal place of business." *Burnside v. Sanders Associates, Inc.* 507 F.Supp. 165 (N.D. Tex. 1980), *aff'd*, 643 F.2d 389 (5th Cir. 1981) (citing 1 Moore's Federal Practice, P. 0.77(1-2) at 717.10 (1979)). The exception to this rule is when "two corporate entities act as one, or are in fact one." *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 558 (5th Cir. 1985). In other words, are the entities alter egos? There is no such showing here and Guidry bears the burden of establishing that the Court has jurisdiction. Moreover, even if Waveland could be considered a Georgia citizen, defendant LeBas Law Offices is *not* diverse and destroys complete diversity.

claim. Accordingly, Defendants' Motion to Dismiss for failure to state a claim is **DENIED AS MOOT**. Guidry's complaint is **DISMISSED WITHOUT PREJUDICE**.[4]

      **THUS DONE AND SIGNED** on this 21st day of May, 2020.

_____
**ROBERT R. SUMMERHAYS**
**U. S. DISTRICT JUDGE**

---

[4] Dismissal of a case on the grounds that the court lacks subject matter jurisdiction "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming,* 281 F.3d at 161. Accordingly, claims dismissed for lack of subject matter jurisdiction should be dismissed without prejudice. *Campos v. United States*, 888 F.3d 724, 738 (5th Cir. 2018) ("The district court was without jurisdiction over Campos's FTCA claims; thus, it was without authority to dismiss the claims with prejudice because '[a] dismissal with prejudice is a final judgment on the merits' of a case.") (quoting *Brooks v. Raymond Dugat Co. L C*, 336 F.3d 360, 362 (5th Cir. 2003)). A dismissal for want of jurisdiction, however, "bars access to federal courts and is res judicata only of the lack of a federal court's power to act." *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986).